**In re William O. HILTON and Audrey Ann Hilton, Debtors.**

**Bankruptcy No. 90–9073–8P3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 5, 1990.

Harvey Paul Muslin, Tampa, Fla., for debtors.

**ORDER ON AMENDED MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 13 case and the matter under consideration is an Amended Motion To Dismiss or, in the Alternative, for Relief from the Automatic Stay filed by NCNB National Bank of Florida, f/k/a Ellis Manasota Bank (NCNB). NCNB seeks a dismissal pursuant to § 1325(a)(3) of the Bankruptcy Code or, in the alternative, seeks a modification of the automatic stay pursuant to § 362(d)(1) and (2) in order to permit NCNB to proceed with a foreclosure action against William O. Hilton and Audrey Ann Hilton (Debtors). The facts which are relevant to the resolution of the Motion are without dispute and can be briefly summarized as follows:

On February 20, 1989, the Debtors filed their first Petition for Relief under Chapter 13. At the time the first Chapter 13 commenced, NCNB already had a foreclosure action pending its mortgage in which the Debtors filed a counterclaim seeking monetary damages from NCNB in excess of $1

billion. The state circuit court dismissed the counterclaim and proceeded to conclude the foreclosure action, but because of the intervention of the first Chapter 13 case, the foreclosure was stopped and the state circuit court did not enter a final judgment. NCNB, in order to obtain adequate protection, filed its first Motion for Relief from Stay which was denied with the proviso that the Debtors would make the contractual payments to NCNB as adequate protection.

On July 28, 1989, this Court entered an Order and confirmed the Debtors' Chapter 13 plan. The Order of Confirmation provided, inter alia, that the prepetition arrearages should be paid pursuant to the plan within 36 months unless NCNB's claim had not been paid in full, and in that event the payment should continue until the claim is paid in full. It is without dispute that the Debtors defaulted on the plan by having failed to make eleven monthly payments and, therefore, on June 7, 1990, the Court entered an Order and dismissed the Chapter 13 case.

Shortly thereafter, NCNB filed its Amended Motion for Summary Judgment in the foreclosure action and on August 16, the Circuit Court entered the Final Judgment of Foreclosure in favor of NCNB, determining that the amount due on the mortgage was $62,610.08, and ordered the property to be sold at public sale on September 19. On September 18, or one day before the scheduled sale, the Debtors filed a second Chapter 13 Petition for the obvious purpose to prevent NCNB from concluding its foreclosure sale. In this connection, it should be pointed out that the Schedules filed by these Debtors reveal that they have no creditors except NCNB, although they have scheduled the law firm of Dykema Gossett as a creditor. It appears that Dykema Gossett is *not* a creditor and has stated for the record that it does not make a claim against these Debtors.

■ Basically, these are the relevant facts on which the Motion filed by NCNB is based on which it seeks either dismissal or, in the alternative, modification of the automatic stay to permit NCNB to conclude its foreclosure action. The dismissal by NCNB is sought pursuant to § 1325(a)(3) of the Bankruptcy Code which requires as a condition precedent to the confirmation of a Chapter 13 plan a finding by the Court that the plan has been proposed in good faith. It is obvious that the reliance of NCNB on this fact is misplaced. This is so because this Chapter 13 is still in the embryonic stage and the plan has yet to be filed, let alone confirmed; thus, NCNB's challenge of the Debtors' good faith in the context of § 1325(a)(3) is premature.

■ Nevertheless, there is hardly any doubt that the bankruptcy court is not required to retain on its docket a Chapter 13 case which clearly represents nothing but a two-party dispute which was filed for the admitted purpose of frustrating for the second time the right of the holder of a valid mortgage to enforce its contractual right. Changed circumstances may warrant a Chapter 13 debtor to seek successive relief under the Bankruptcy Code under certain special circumstances. *See In re Saylors*, 869 F.2d 1434 (11th Cir.1989). In this particular instance, this Court is satisfied that no changed circumstances exist and the second filing is nothing but a gross abuse of the entire Chapter 13 process. The filing has no legitimate purpose at all inasmuch as there are no debts which these particular Debtors seek to adjust out of future earnings in the context of a Chapter 13 plan. Based on the foregoing, this Court is satisfied that although successive filings do not per se warrant the finding of bad faith on this record, this Court has no hesitancy to conclude that this case was, in fact, filed in bad faith and, therefore, the Chapter 13 case should be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion To Dismiss or, in the Alternative, for Relief from the Automatic Stay be, and the same is hereby, granted, and this case is hereby dismissed.

DONE AND ORDERED.